CHIASSON, Judge.
This case arose as the result of a fire in the home of Mr. and Mrs. Herbert P. Riv-ere, plaintiffs-appellees, in April, 1974. The fire was alleged to have been caused by a defective clothes dryer manufactured by the Philco Corporation and purchased by the Riveres in 1967.
National American Insurance Company, the Riveres’ insurer and a plaintiff-appellee, paid the Riveres for the property damage caused by the fire and is subrogated to their claim for that amount. Property damage was stipulated to be $10,000.00.
The Riveres and National filed suit against the Philco Corporation and/or its successor, the Philco-Ford Corporation, defendant-appellant, for damages caused by the fire. Philco answered denying liability.
A trial on the merits was held and the District Court rendered judgment in favor of National and against Philco awarding National $10,000.00 plus legal interest for property damage and judgment in favor of Philco and against the Riveres dismissing their claims for anguish and inconvenience.
Philco has appealed this judgment contending that the District Court erred in finding Philco liable because this finding is contrary to the evidence and is manifestly erroneous. The Riveres have answered this appeal contending that the District Court erred in dismissing their claim for damages for anguish and inconvenience.
The legal principles to be applied in determining whether recovery may be had for damages resulting from the use of a manufacturer’s product are:
*972 “A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i. e., unreasonably dangerous to normal use, and that the plaintiff’s injuries were caused by reason of the defect. “If the product is proven defective by reason of its hazard to normal use, the plaintiff need not prove any particular negligence by the maker in its manufacture or processing; for the manufacturer is presumed to know of the vices in the things he makes, whether or not he has actual knowledge of them.” (Citations omitted).
Weber v. Fidelity & Casualty Insurance Co. of N. Y., 259 La. 599, La., 250 So.2d 754 (1971).
In the present case the evidence clearly establishes a causal relationship between the injuries sustained and the use of the product. The experts for both the appellees and the appellant testified that the fire began in the dryer.
At issue in this case is whether the dryer contained a defect which caused the fire. George Webb, an expert in electrical engineering for the appellees, testified that he had examined the dryer, that a short circuit had occurred in the dryer control panel, that he could not determine the cause of the short circuit, that there were traces of woven material on the top and back of the control panel, and that the short circuit plus the presence of the material on the dryer were the most probable causes of the fire. While Webb testified that installation of an internal fuse would have protected against the short circuit, he also stated that the failure to include an internal fuse was probably not a design flaw and that such fuses were not in use within the industry. Earl Gardner, an expert for the appellant, testified that the fire probably occurred when lint, which had collected in the dryer heating element, caught fire. The lint build up was caused by Mrs. Rivere’s failure to clean the lint filter often enough. He further testified that the control panel wires were adequate for the current available. The dryer body, which was unavailable, and the control panel, which was available, were not inspected by Gardner.
There was no testimony by either expert that the dryer was in any way defective or unreasonably dangerous to normal use. Therefore, the District Court did not properly apply the legal principles for determining liability for damages resulting from the use of a manufacturer’s product. The District Court erred in holding Philco liable for the damage suffered by the Riveres.
Because there is no liability on the part of Philco we do not need to consider whether the District Court erred in failing to award damages for anguish and inconvenience.
For the above reasons the judgment appealed from is reversed and judgment is rendered dismissing the appellees’ suit. Cost to be paid by appellees.
REVERSED AND RENDERED.